IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNESHA HENDERSON,
on behalf of D.D.R., a minor,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:15-1199

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**I. BACKGROUND**

*Pro se* Plaintiff, Kennesha Henderson, on behalf of D.D.R., a minor, has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff protectively filed an application for SSI on or about February 27, 2012. [ECF No. 8-6, Ex. B1D, No. 8-7, Ex. B3E]. In her application, Henderson alleged that D.D.R. was disabled due to a small lung valve, a hole in his heart, and speech problems. Id. Administrative Law Judge ("ALJ") Alma S. deLeon held a hearing on November 20, 2013, at which D.D.R. was represented by a non-attorney representative. [ECF No. 8-2, at 30-49]. Henderson appeared at the hearing and testified on behalf of D.D.R. Id. In a decision dated January 6, 2014, the ALJ found that D.D.R. was not disabled under the Act. Id. at 14-25. On

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

July 15, 2015, the Appeals Council denied Plaintiff's request for review. Id. at 1-3. Having exhausted all of her administrative remedies, Plaintiff filed this action on behalf of D.D.R.

Defendant filed an Answer and Transcript on May 5, 2016. [ECF Nos. 7, 8]. Pursuant to my first Scheduling Order, filed May 6, 2016, Plaintiff's motion for summary judgment and brief were due by June 6, 2016. [ECF No. 9]. After Plaintiff failed to file any motions by that date, in light of Plaintiff's *pro se* status, I issued an Amended Scheduling Order on June 8, 2016 extending Plaintiff's deadline for filing her motion for summary judgment and brief to July 8, 2016. [ECF No. 10]. I mailed a copy of the Amended Scheduling Order to Plaintiff at her then-address of record. On June 28, 2016, Defendant filed a Notice to Court of Resending Answer and Social Security Administrative Transcript to Plaintiff's New Address. [ECF No. 11]. In that Notice, Defendant informed the Court that, on or around June 28, 2016, the package containing the Answer and Transcript that Defendant had sent to Plaintiff at her address of record had been returned with the notation "unclaimed" and with a corrected address listed on the address label. Id. ¶ 2 & Ex. A. The Notice further indicated that Defendant had resent the Answer and Transcript to Plaintiff at her new address via certified mail. Id. ¶ 3. Based on the representations in Defendant's Notice, I issued a second Amended Scheduling Order requiring Plaintiff to file her motion and brief no later than July 29, 2016. [ECF No. 12]. On August 24, 2016, after Plaintiff again failed to file any motions or related documentation, I issued an Order to Show Cause requiring Plaintiff to file a motion and brief no later than September 26, 2016 or face dismissal of her case. [ECF No. 13].

On September 26, 2016, Plaintiff responded to the Order to Show Cause by filing a packet containing additional medical records pertaining to D.D.R. [ECF No. 14]. Although she did not file a traditional motion or brief, I accepted her filing, construed it as a motion for summary judgment, and permitted the case to proceed. Defendant filed a Motion for Summary Judgment and Brief on October 6, 2016. [ECF Nos. 16 and 17]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984). Because Plaintiff is acting *pro se*, applicable standards, as well as Plaintiff's submissions must be viewed liberally. Mohan v. Colvin, No. 14-148, 2014 WL

4925181, at *1 (W.D. Pa. Sep. 30, 2014).

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. Id. § 416.926a(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. Id. § 416.926a(b)(1)(i)-(vi). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform? What activities are you not able to perform? Which of your activities are limited or restricted compared to other children your age who do not have impairments? Where do you have difficulty with your activities—at home, in childcare, at school, or in the community? Do you

---

[2] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[3] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

have difficulty independently initiating, sustaining, or completing activities? What kind of help do you need to do your activities, how much help do you need, and how often do you need it? Id. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that although D.D.R. had severe impairments,[4] he did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). [ECF No. 8-2, pp. 17-25]. As a result, the ALJ found that D.D.R. was not disabled under the Act. Id.

**B.  Analysis**

Plaintiff's *pro se* filings fail to assert any specific error with the ALJ's opinion. [ECF No. 14]. Rather, she attaches twenty-seven pages of medical records dated between April and July of 2016 regarding D.D.R. [ECF No. 14-1]. To the extent Plaintiff believes these records provide an appropriate basis for remand, such belief is without merit in this case. Generally, evidence that was not before the ALJ "cannot be used to argue that the ALJ's decision was not supported by 'substantial evidence.'" Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991). When a claimant seeks to rely on evidence first presented to the District Court, sentence six of Section 405(g) provides that the court may remand the case for consideration of that evidence only if the evidence is (1) new; (2) material; and (3) good cause exists for not presenting the evidence to the Commissioner in the prior proceedings. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); 42 U.S.C. § 405(g) (sentence six).

Here, even if the records are "new" in the sense that they post-date the ALJ's decision, they are not "material" within the meaning of the Act because they do not relate to the time period for which benefits were denied. Indeed, the documents Plaintiff attached in response to my

---

[4] The ALJ found that D.D.R. had the following severe impairment: speech and language delays (stuttering). [ECF No. 8-2, at 17].

Order to Show Cause post-date the application for benefits by four years and the administrative hearing by over two years. [ECF No. 14]. Other documents attached to the Complaint are dated in 2015, over a year after the hearing. [ECF No. 4]. Implicit in the materiality requirement "is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or the subsequent deterioration of the previously non-disabling condition." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). In the latter cases, the appropriate remedy is to file a new application for benefits. See 20 C.F.R. § 416.330(b); Brown v. Colvin, Civ. No. 12-149-GMS, 2013 WL 4594964, at *11 (D. Del. Aug. 27, 2013) (medical and school records that post-dated ALJ's decision denying benefits were not material to question of whether child was disabled on or before the date of that decision).

Because the medical and school records at issue here post-date the ALJ's decision and/or relate to later-acquired issues, I do not find any basis to remand this case pursuant to the sixth sentence of Section 405(g).

Although Plaintiff fails to assert any specific substantive errors with the opinion of the ALJ, I nonetheless have reviewed the record and the ALJ's decision denying the SSI claim in light of her *pro se* status. After such review, I agree with Defendant that the ALJ properly analyzed the evidence and that substantial evidence supports her conclusion that D.D.R.'s speech and language delays did not meet or functionally equal a listed impairment. Among other things, the ALJ considered the longitudinal evidence and explained why the evidence as a whole failed to establish that D.D.R. had "marked" or "extreme" limitations in any of the six domains of functioning. In so doing, she assigned great weight to the uncontradicted opinions of the state agency medical consultants, the consultative examiner, D.D.R.'s teacher, and the speech/language pathologist, none of whom found more than moderate limitations in any area. [ECF No. 8-2, at 20 (citing Exs. B2A, B3F, B5F, and B9F)]. As set forth in the ALJ's opinion and

summarized in Defendant's Brief, the ALJ appropriately identified the evidentiary bases for her conclusions. See ECF No. 8-2, at 17-25 (citing Exs. B2A, B14E, B3F, B5F, B6F, B7F, B9F, B10F, and Hearing Testimony); ECF No. 17, at 7-8 (summarizing evidence cited by the ALJ).

Because the ALJ properly analyzed Plaintiff's claim, and her findings are supported by substantial evidence, the Commissioner's decision is affirmed. See 42 U.S.C § 405(g) (sentence four).

### III. CONCLUSION

For all of the foregoing reasons, I find that the ALJ's decision was supported by substantial evidence and that there is no basis to remand for consideration of new evidence. Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNESHA HENDERSON, )
on behalf of D.D.R., a minor, )
 )
    Plaintiff, )
 )
    vs. ) Civil Action No. 2:15-1199
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security,[1] )
 )
    Defendant. )
 )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 13th day of February, 2017, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 16] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 14] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).